# Order

Michigan Supreme Court
Lansing, Michigan

June 30, 2017

154832

*In re* Estate of LINDA ROBERDEAUX.
_____

DENNIS ROBERDEAUX, SR., Personal
Representative,
            Plaintiff-Appellant,

v

EVANGELICAL HOMES OF MICHIGAN,
d/b/a EVANGELICAL HOME-SALINE,
and MICHIGAN SPORTS MEDICINE &
ORTHOPEDIC CENTER,
            Defendants,

and

WASHTENAW MEDICINE, P.C., d/b/a
WASHTENAW INTERNAL MEDICINE
ASSOCIATES, CHERYL A. HUCKINS,
M.D., and MARK A. KELLEY, M.D.,
            Defendants-Appellees.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

SC: 154832
COA: 323802
Washtenaw CC: 13-000675-NH

On order of the Court, the application for leave to appeal the October 18, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*.)

I would reverse for the reasons set forth by Judge SERVITTO in her Court of Appeals dissent. *In re Roberdeaux Estate*, unpublished opinion of the Court of Appeals, issued October 18, 2016 (Docket No. 323802) (SERVITTO, J., dissenting). A "standard of care" expert in a medical malpractice action must have "devoted a majority of his or her professional time to . . . [t]he active clinical practice of the same health profession in which the party . . . on whose behalf the testimony is offered" practices. MCL

600.2169(1)(b)(*i*). In *Woodard v Custer*, 476 Mich 545, 560 (2006), this Court held that an expert "must match the one most relevant standard of practice or care—the specialty engaged in by the defendant physician during the course of the alleged malpractice . . . ." And in *Woodard*'s companion case, *Hamilton v Kuligowski*, we struck plaintiff's expert's testimony when defendant was a specialist in internal medicine and plaintiff's expert specialized in infectious diseases, a subspecialty of internal medicine. *Id*. at 577-578. Largely the same reasoning applies here. Defendant practiced general internal medicine, while her expert practiced geriatrics, a subspecialty of internal medicine. Under *Woodard* and *Hamilton*, the testimony of defendant's expert should not have been admitted.

BERNSTEIN, J., did not participate due to his prior relationship with the Sam Bernstein Law Firm.

WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2017



d0627

Clerk